McKinhey, J.,
delivered the opinion of the Court.
This was an action of trespass for mesne profits. The plaintiffs failed in a recovery, and brought the case here by an appeal in error. The facts of the case are as follows :
Robert Smith, by his last will and testament, after certain specific devises of land, made this general devise: “I will that all my other lands and property that is found after my death, be sold to the best advantage; and the money to be equally divided” among certain children and gradehildren therein named. The plaintiffs were nominated as executors, and qualified as such.
In pursuance of the power contained in the will, the executors, on the 21st of November, 1851, sold a tract of land to the defendant; but the terms of the contract, not being agreed on, were not reduced to writing, and the executors refused to complete the contract. The defendant, however, intruded himself into possession of the land, against the will of the executors; and the latter brought an action of forcible entry and detainer to regain the possession. The defendant filed a bill to enforce a specific execution of the contract of salé, and to enjoin said action. This bill was dismissed on the „ final hearing of the cause in October, 1855, and by a writ of possession awarded by the Court, the plaintiffs were restored to the possession of said land. And, thereupon, they commenced this action.
The Circuit Judge instructed the jury, that the plaintiffs could not maintain the action, for the reason that they were vested with no interest in the land, by the terms of the will; but only with a naked power to sell.
The argument for the plaintiffs is, in substance, this: That conceding the executors had no interest in the land, yet, for the purpose of executing the power to sell, they were entitled to possession of the land; and were, in fact, in the actual possession thereof at the time of the contract with defendant; *282 and that inasmuch as the defendant professed to have entered into possession of the land, and to have taken the rents and profits, under, and in virtue of his contract of purchase from the plaintiffs, he was placed in such a relation to them, as precluded him from objecting to their want of title. This conclusion is not tenable. If it were to be admitted, that the executors, as such, were entitled to the possession of the land, in order to complete execution of the power of sale, by a delivery of possession to the purchaser, it would by no means follow that the defendant would be estopped to gainsay their title. What might have been the relation of the defendant, if he had been let into possession by the act of the plaintiffs, under the parol contract of sale, we need not now inquire. It is sufficient for the determination of this point, that the defendant entered upon the land, and appropriated the profits, avowedly as a wrong-doer, against the will, and in defiance of the plaintiffs. The implication of a tenancy, or of any promise, on the part of the defendant, is, therefore, positively excluded, and he is fully at liberty to deny the title of the plaintiffs.
But, another ground of recovery was assumed in the argument. It is said, that, admitting the devise in the will to confer on the executors a mere power, without any interest in the _ land, still, the plaintiffs, in their individual capacity, if not in their character of executors, may maintain this action, upon the fact of their actual possession of the land at the time of defendant’s wrongful entry, without showing any title, or interest, in the soil.
This position, we think, is also untenable. It is certainly true, that an action of trespass quare clausum fregit may be maintained upon an actual possession, against a mere wrongdoer, or one who cannot show a better title in himself. 3 Starkie’s Ev., 1435. But this principle does not apply to the action of trespass for mesne profits, which results as a consequence of the recovery in ejectment, and as a supplemental remedy to that action. Bents and profits, are incidents to the ownership of the land; and, consequently, this *283 remedy belongs exclusively to the person having title to the land. 2 Saund. on Pl. & Ev., 207; 2 Greenl. Ev., sec. 333.
In the present case, the rights to maintain the action of trespass for mesne profits — if it exist in favor of any one — is in the heirs at law of the testator. The land not being specifically disposed of by the 'Will, the legal title descended to the heirs, subject to be divested upon the execution of the power of sale by the executors.
Judgment alfirmed.